IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TODD BERRY, | ) |
| | ) |
| Plaintiff; | ) |
| | ) |
| vs. | ) Case Number CIV-11-762-C |
| | ) |
| THE MASCHHOFFS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff initially filed this case in state court seeking damages for breach of contract in the amount of $22,666.67 for failing to make a required monthly payment and $272,000.04 for improper termination of contract. Following removal to this Court, settlement negotiations took place. The parties are now in dispute as to whether or not a settlement was reached. Defendant filed a motion seeking to enforce the terms of what it claims is a valid settlement agreement. Plaintiff disputes that any agreement was ever reached and, in addition, challenges the Court's subject matter jurisdiction.

**1. Jurisdiction**

Before the Court may decide the issue of the existence of a valid settlement agreement between the parties, it must first establish that subject matter jurisdiction exists. On August 22, 2011, Plaintiff filed a motion to dismiss his second cause of action for improper termination of contract. In that cause of action, Plaintiff sought damages in the amount of $272,000.04. Defendant has not objected to the motion and therefore the Court will deem it confessed and grant it. Plaintiff now argues that the Court should remand the case to state

court because the only remaining claim seeks to recover only $22,666.67 and therefore the amount in controversy required for diversity jurisdiction is not met. In support of his argument, Plaintiff relies upon 28 U.S.C. § 1447, which requires the Court to remand the case if at any time before final judgment it appears it lacks jurisdiction. Plaintiff cites no case law to support his contention.

The amount in controversy is determined at the time the case is removed to federal court. Emland Builders, Inc. v. Shea, 359 F. 2d 927, 929 (10th Cir. 1966). Neither the dismissal of claims reducing the amount recoverable nor the fact that the jury finds the Plaintiff is entitled to less divests this Court of subject matter jurisdiction. Watson v. Blankinship, 20 F.3d 383, 387 (10th Cir. 1994). Jurisdiction, after a subsequent reduction of the amount at issue, will be kept by a federal court if at the time of removal the case fell under the Court's original jurisdiction. Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998). Other Tenth Circuit district courts have found that changes in the amount of controversy or amount recoverable do not divest the Court of jurisdiction. See Lininger v. State Farm Fire & Cas. Co., 958 F. Supp. 519, 520 (D. Kan. 1997); Twin Hills Gasoline Co. v. Bradford Oil Corp., 264 F. 440, 440 (E.D. Okla. 1919). Upon the date of removal to this Court, the amount in controversy was satisfied. The dismissal of Plaintiff's second claim subsequent to removal does not divest this Court of jurisdiction to consider the first claim. The Motion to Remand will therefore be denied.

**2. Settlement Agreement**

Settlement agreements may be enforced by the Court. United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). A Motion to enforce a settlement agreement is treated as a motion for summary judgment. Russell v. Bd. of Co. Comm'nrs, 2000 OK CIV APP 21, ¶ 7, 1 P.3d 442, 445. Agreements are subject to the requirements of state law regarding both formation and enforceability. In Oklahoma the law of contracts governs settlement agreements. See In re De-Annexation of Certain Real Prop. from City of Seminole, 2009 OK 18, ¶ 8, 204 P.3d 87, 89. Oklahoma contract law requires that (1) the parties are able to form a contract, (2) they mutually assent (3) to a lawful thing, and (4) there is adequate consideration. 15 Okla. Stat. § 2. Where the existence of an agreement is disputed, it cannot be enforced without resolution by a jury. United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993); In re De-Annexation of Certain Real Prop. from City of Seminole, 2009 OK 18, ¶ 7, 204 P.3d 87, 89

The Defendant claims, on the basis of letters sent to the Plaintiff's attorneys, that a binding agreement was formed which should be enforced. The letters relied upon by the Defendant do not show mutual agreement between the parties. The first letter states "in confirming our agreement" and "[i]f this is inaccurate in any way, please let me know." (Deft.'s Mot., Ex. 6.) The other two letters indicate that Defendant believed that they had agreed, but there is no showing that Plaintiff at any point also agreed in a free and mutual manner. Plaintiff's attorneys, through supplemental affidavits, contest that any agreement was made and argue even if there was agreement during negotiations, the Plaintiff's attorneys could not have bound the Plaintiff without express authority by their client. Hays v.

Monticello Ret. Estates, L.L.C., 2008 OK CIV APP 74, 192 P.3d 1279; see also Scott v. Moore, 1915 OK 850, 152 P. 823; Thomas v. Colo. Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966).  Although Defendant argues that implied authority exists based on the law of agency, both Oklahoma and the Tenth Circuit require express authority for attorneys to bind their clients in settlement agreements; implied authority is not enough.  Hays, 2008 OK CIV APP 74 ¶ 8, 192 P.3d 1281, citing Scott v. Moore, 1915 OK 850 ¶ 1, 152 P. 823, 824, and Thomas, 366 F.2d at 139.  The affidavits submitted by Plaintiff's counsel state there was no express authority to bind the Plaintiff, and the Defendant's affidavit does not put forth any additional or supplemental evidence to prove otherwise.  As a result, Defendant has failed in its burden of proving a valid settlement agreement was reached.  Consequently, Defendant's motion to enforce must be denied.

In summary, Plaintiff's Motion for Partial Dismissal Without Prejudice of Second Cause of Action (Dkt. No. 10) is GRANTED; Plaintiff's Motion to Remand (Dkt. No. 11) is DENIED; and Defendant's Motion to Enforce Settlement Agreement (Dkt. No. 7) is DENIED.

IT IS SO ORDERED this 1st day of November, 2011.

_____
ROBIN J. CAUTHRON
United States District Judge